**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| **VIRGENE FOREMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **BERKLEY INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, VIRGENE FOREMAN (hereinafter "Plaintiff" or "Foreman") and files her Complaint against Defendant, BERKLEY INSURANCE COMPANY (hereinafter "Defendant" or "BIC") and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's intentional and systematic discrimination based on Plaintiff's disability, Defendant's unlawful discrimination, and retaliation against Plaintiff because of

her religion, and Defendant's retaliation against Plaintiff for exercising her rights under the FMLA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 2617(a)(2), as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA, Title VII, and the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Foreman, is a citizen of the United States and was at all times material, a resident of the State of North Carolina.

5. Defendant, BIC, is a For-Profit Corporation that operates in this District.

6. Defendant is a covered employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On March 13, 2026, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on religion, disability discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the alleged unlawful employment practices occurred.

10. On August 19, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

11. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## **FACTUAL ALLEGATIONS**

12. Plaintiff, Virgene Foreman, was employed by Defendant, Berkley Insurance Company ("BIC").

13. Plaintiff is a Christian.

14. Plaintiff has a disability consisting of Congestive Heart Failure ("CHF").

15. In or about June 2025, Plaintiff was diagnosed with CHF.

16. Defendant was aware of Plaintiff's disability and related medical needs.

17. Plaintiff applied for and was approved to use intermittent leave under the Family and Medical Leave Act ("FMLA") as a preventative measure in anticipation of potential heart surgery and to attend cardiac rehabilitation.

18. Plaintiff's cardiac rehabilitation required treatment approximately three times per week.

19. On or about October 3, 2025, Plaintiff began using intermittent FMLA leave, which Defendant approved through December 25, 2025.

20. In or about early October 2025, Plaintiff raised concerns regarding what she believed to be religiously discriminatory hiring practices by Defendant's upper management.

21. The concerns arose during Defendant's consideration of a job candidate, Kevin Cheshire, whose personal email signature contained the Bible verse, "I can do all things through Christ who strengthens me."

22. After reviewing an email from Mr. Cheshire, Trish Conway, Defendant's Head of Enterprise Risk Management, characterized the religious quotation as "unprofessional."

23. Plaintiff questioned Ms. Conway's characterization from a Human Resources perspective and raised concerns regarding the potential religious implications of considering the Bible verse in the hiring process.

24. Plaintiff escalated her concerns directly to Ms. Conway and Defendant's Human Resources department.

25. Plaintiff alleges that her complaints constituted protected activity opposing perceived religious discrimination.

26. Shortly after Plaintiff raised those concerns, Defendant began characterizing Plaintiff as "unqualified" for her position.

27. In response to Plaintiff's concerns, Human Resources stated, "We just don't ask these questions."

28. The following day, Ms. Conway rejected Mr. Cheshire as a candidate without further discussion.

29. Plaintiff alleges that Mr. Cheshire was overqualified for the position.

30. Despite Plaintiff serving as the hiring manager, Ms. Conway did not inform Plaintiff of the decision to reject Mr. Cheshire.

31. Plaintiff alleges that Defendant's treatment of her materially changed after she raised concerns regarding the allegedly discriminatory hiring practices.

32. On December 19, 2025, Ms. Conway issued Plaintiff a disciplinary write-up.

33. The write-up cited allegations that Plaintiff had given a performance evaluation too early, rated an employee as "outstanding" despite the employee having worked for Defendant for only one year, and suggested that Defendant hire an individual whom Ms. Conway did not agree with hiring.

34. In connection with the disciplinary action, Ms. Conway stated, "We don't do that at Berkley."

35. Plaintiff provided multiple examples and documentation supporting her decision to give the employee an "outstanding" performance evaluation.

36. Plaintiff alleges that the December 19, 2025 disciplinary write-up was retaliatory and followed her protected complaints concerning Defendant's hiring practices.

37. Plaintiff further alleges that the ongoing retaliation caused substantial stress that, combined with her CHF, adversely affected her medical condition.

38. On or about December 19, 2025, Plaintiff transitioned from intermittent FMLA leave to continuous FMLA leave because of her medical condition and the effects of the ongoing workplace stress.

39. Plaintiff's continuous medical leave provided for an anticipated return-to-work date of March 19, 2026.

40. Defendant therefore knew that Plaintiff was on approved medical leave and had an anticipated return date of March 19, 2026.

41. While Plaintiff remained on approved medical leave, Defendant terminated her employment on March 3, 2026.

42. Defendant claimed that Plaintiff's position was being eliminated because the company had "done fine without [Plaintiff] while [she] was on leave."

43. Plaintiff alleges that Defendant's stated explanation expressly relied upon her absence while on protected medical leave as justification for eliminating her position.

44. Defendant terminated Plaintiff approximately sixteen days before her anticipated March 19, 2026 return-to-work date.

45. Plaintiff alleges that the timing and circumstances of her termination, including Defendant's express reference to having operated without her during medical leave, demonstrate a connection between her disability, protected medical leave, protected complaints, and termination.

46. Plaintiff further alleges that the disciplinary action occurring after her complaints concerning perceived religious discrimination and her subsequent termination while on approved medical leave demonstrate discriminatory and retaliatory motives.

47. Plaintiff alleges that Defendant discriminated against her because of her disability and religion and retaliated against her for engaging in protected activity, including opposing perceived religious discrimination and exercising disability-related medical leave rights, including her rights under the FMLA.

48. Defendant's alleged conduct constitutes disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.*, religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.*

## Count I: Disability Discrimination in Violation of the ADA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

50. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

51. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

52. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

53. Plaintiff was able to perform the essential functions of her job at the time of her termination.

54. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

55. Defendant intentionally discriminated against Plaintiff and subjected Plaintiff to disparate and discriminatory treatment throughout her employment based on her disability.

56. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count II: Retaliation in Violation of the ADA**

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

59. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

60. At all times relevant to this action, Plaintiff was a qualified individual with a disability under the ADA.

61. Defendant intentionally retaliated against Plaintiff based on her complaints of discrimination due to her disability.

62. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

63. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count III: Religious Based Discrimination in Violation of Title VII**

64. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48, above.

65. Plaintiff is a Christian, and at all times relevant to this action, Plaintiff was in a protected category under Title VII because of her religion.

66. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

67. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

68. Defendant violated Title VII by discharging and discriminating against Plaintiff based on her religion.

69. Defendant intentionally discriminated against Plaintiff on the basis of her religion.

70. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

71. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count IV: Retaliation in Violation of Title VII**

72. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48, above.

73. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

74. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

75. Defendant's conduct violated Title VII.

76. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

77. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

78. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**Count V: Retaliation in Violation of the FMLA**

79. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48, above.

80. At all times material, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4), because it was engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

81. At all times material, Plaintiff was an “eligible employee” within the meaning of 29 U.S.C. § 2611(2), because she had been employed by Defendant for at least twelve (12) months, had worked at least 1,250 hours of service for Defendant during the twelve (12) month period immediately preceding her leave, and was employed at a worksite where Defendant employed fifty (50) or more employees within seventy-five (75) miles.

82. Plaintiff’s CHF, which required ongoing medical treatment, including cardiac rehabilitation approximately three times per week, constituted a “serious health condition” within the meaning of 29 U.S.C. § 2611(11).

83. Plaintiff exercised rights protected by the FMLA by requesting and taking intermittent FMLA leave beginning on or about October 3, 2025, and continuous FMLA leave beginning on or about December 19, 2025, for her own serious health condition.

84. Defendant approved Plaintiff’s FMLA leave and was therefore aware that Plaintiff had exercised her rights under the FMLA.

85. On March 3, 2026, while Plaintiff remained on approved medical leave and approximately sixteen days before her anticipated return-to-work date, Defendant terminated Plaintiff’s employment.

86. Defendant’s stated reason for eliminating Plaintiff’s position, that the company had “done fine without [Plaintiff] while [she] was on leave,” expressly relied upon Plaintiff’s use of protected leave as the basis for the termination decision.

87. The close temporal proximity between Plaintiff's protected leave and her termination, together with Defendant's express reliance on her absence during that leave, establishes a causal connection between Plaintiff's exercise of her FMLA rights and the termination of her employment.

88. Defendant retaliated against Plaintiff for exercising her FMLA rights, and used Plaintiff's FMLA leave as a negative factor in its decision to eliminate her position and terminate her employment, in violation of 29 U.S.C. § 2615(a) and 29 C.F.R. § 825.220(c).

89. Defendant's violation of the FMLA was willful, in that Defendant knew or showed reckless disregard for whether its conduct was prohibited by the FMLA.

90. Defendant did not act in good faith and had no reasonable grounds for believing that its conduct complied with the FMLA.

91. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FMLA, Plaintiff has suffered and continues to suffer lost wages, lost benefits, and other compensation, for which Plaintiff is entitled to recover damages, together with interest, an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), equitable relief including reinstatement or front pay pursuant to 29 U.S.C. § 2617(a)(1)(B), and reasonable attorneys' fees, expert witness fees, and costs pursuant to 29 U.S.C. § 2617(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages under the FMLA, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**

Gary Martoccio, Esq.
North Carolina Bar No. 54125
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606
T: (813) 725-3279
gary@martocciofirm.com
*Lead Counsel for Plaintiff*